**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUSTIN LOTT,

     **Plaintiff,**

v.                             **Case No.**

PURPLE SQUARE MANAGEMENT
COMPANY, LLC and SANJAY PATEL,
individually,

     **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JUSTIN LOTT ("Plaintiff"), hereby sues Defendants, PURPLE SQUARE

MANAGEMENT COMPANY, LLC and SANJAY PATEL, individually (collectively,

"Defendants") and states as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and

1441(b).

2.     Venue lies within the United States District Court for the Middle District of

Florida, Tampa Division because a substantial part of the events giving rise to this claim

occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3.     Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC, is a

Florida Limited Liability Company authorized and doing business in this Judicial District.

At all times material, PURPLE SQUARE MANAGEMENT COMPANY, LLC. employed the requisite number of employees and, therefore, is an employer as defined by the Americans with Disabilities Act and the Florida Civil Rights Act (Chapter 760, *Florida Statutes*).

4.      Defendant, SANJAY PATEL, was/is a corporate officer/director of Defendant PURPLE SQUARE MANAGEMENT COMPANY, LLC, with operational control and direct control over the day-to-day operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

5.      Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

6.      Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

7.      Plaintiff is an adult and a resident of Pasco County, Florida.

8.      Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9.      At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

10.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

11.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

12.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

13.      Plaintiff, JUSTIN LOTT, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on March 17, 2016.   Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

14.      On August 18, 2016, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination.   A copy of the Notice of Right to Sue is attached as **Exhibit B**.  This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

15.      Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

16.     On or about July 9, 2015, Plaintiff began his employment with Defendants as a Maintenance Manager.  Despite Plaintiff's title, Plaintiff was essentially a maintenance technician and was responsible for driving a company van to all of Defendants' locations (primarily Dunkin' Donuts and The Brass Tap) to perform a variety of maintenance and repair duties.     Moreover, Plaintiff was responsible for maintenance of Defendant's equipment and facilities, mulching, pressure washing, fixing toilets, fixing plumbing issues, fixing electrical issues, removing equipment, maintaining the work truck, and patching pot holes.

17.     In his role as a Maintenance Manager, Plaintiff was compensated on a salary basis, intended to compensate Plaintiff for 40 hours per work week, but was a non-exempt employee under the Fair Labor Standards Act.

18.     Plaintiff worked an average of a minimum of fifty (50) hours per  work week; however, Plaintiff was not compensated at a rate of time and one-half his regular rate of pay for all hours worked over forty (40) in a work week.

19.     Plaintiff suffers from a disability related to his neck/spine.  Specifically, Plaintiff had a herniation and spinal cord compression that resulted from a May 2014 motor vehicle accident.  Ultimately, Plaintiff's injury resulted in Plaintiff having a Cervical Spinal Fusion.  Following the fusion, Plaintiff had several major life activities that were limited, including, but not limited to: performing manual tasks, lifting, bending, twisting, and turning his head left to right.

20.     At the time of Plaintiff's hire, Plaintiff informed his supervisors, Defendant Sanjay Patel and Pat Stinson, of his disability and related restrictions.   At first, Defendant Patel and Stinson appeared understanding and led Plaintiff to believe that they would honor Plaintiff's restrictions and accommodate Plaintiff if necessary.

21.     The only job duty that concerned Plaintiff was power washing was something that Plaintiff would be required to do often.   Defendant Patel assured Plaintiff that he would only be required to power wash twice per year.

22.     By approximately August 2015, Defendant Patel began to request that Plaintiff power wash more frequently.   Plaintiff told Defendant Patel that, due to his medical restrictions, he could not power wash that often and therefore requested a reasonable accommodation for his disability.   In particular, Plaintiff requested that another employee ride along with him and assist on the days in which Plaintiff was required to power wash.

23.     Defendant Patel declined Plaintiff's request and stated that employees at Defendants' stores could assist with power washing.   However, when Plaintiff asked employees at Defendants' stores to assist with power washing, the employees refused.

24.     Approximately ten (10) days later, Plaintiff followed-up with Defendant Patel and explained that employees were not helping with the power washing and asked if he could have help with power washing or if it could be assigned to someone else.   Defendant Patel refused and instead began assigning Plaintiff more power washing.

25.     From approximately August 2015 to the end of his employment with Defendants, Plaintiff repeatedly opposed health violations that were being committed by

Defendants.   Specifically, Plaintiff opposed verbally and sent Defendant Patel pictures via text message of mold, dead rats, and other health code violations.

26.     Following the Thanksgiving holiday, in late November 2015, Plaintiff met with Defendant Patel and stated his opposition to Defendants' continuing health violations in several of Defendants' stores, as well as Defendants' failure to accommodate Plaintiff's disability.   Plaintiff told Defendant Patel that he was frustrated that Defendants were not taking him seriously.   Shortly thereafter, Plaintiff was written-up by Defendants.

27.     On or about December 7, 2015, Plaintiff was terminated from his employment with Defendants.   Specifically, Plaintiff was told by Defendant Patel that it was not "working out" and they decided to part ways.    Plaintiff also received a letter from Integrity Employee Leasing, Inc. dated December 4, 2015 informing Plaintiff of his termination.

**COUNT I**
**FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**

28.     Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

29.     Defendants, PURPLE SQUARE MANAGEMENT COMPANY, LLC, and SANJAY PATEL, individually are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

30.     Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

31.     Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendants. 29 U.S.C. §207(a)(1).

32.     Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not  compensated at the overtime rate.

33.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

34.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

35.     Defendants' failure to pay Plaintiff overtime  at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et  seq.,* including 29 U.S.C. § 207.

36.     Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

37.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

38.     As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance  with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

39.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

40.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JUSTIN LOTT, respectfully requests that judgment be entered in his favor against Defendants, PURPLE SQUARE MANAGEMENT COMPANY, LLC and SANJAY PATEL, individually:

a.      Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.      Awarding prejudgment interest;

d.      Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Determining that the FLSA was violated and an adjudication on the merits of the case;

f.      Ordering any other further relief the Court deems just and proper.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT – DISCRIMINATION**

41.     Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

42.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

43.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

44.     Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.   Specifically, Plaintiff's _____, substantially limited one or more major life activities and major bodily functions.

45.     Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

46.     By the conduct described above, Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC, engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's disability and terminating Plaintiff's employment with Defendant.

47.     The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

48.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

49.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

50.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JUSTIN LOTT, prays for the following damages against Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

51. Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

52. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

53. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

54. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's neck/spine disability substantially limited one or more major life activities and major bodily functions.

55.     Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

56.     By the conduct described above, Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC, engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.  Specifically, Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's disability and terminating Plaintiff's employment with Defendant.

57.     The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

58.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

59.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

60.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JUSTIN LOTT, prays for the following damages against Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT – RETALIATION

61.      Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

62.      Plaintiff suffered an adverse employment action for engaging in protected activity under the Americans with Disabilities Act, as amended.  Specifically, Plaintiff requested a reasonable accommodation for his disability under the Americans with Disabilities Act, as amended and was disciplined and ultimately terminated from his employment with Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC.

63.      The above described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq.*

64.      Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

65.      Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

66.      As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC:

a.　　Back pay and benefits;

b.　　Prejudgment interest on back pay and benefits;

c.　　Front pay and benefits;

d.　　Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.　　Punitive damages;

f.　　Attorneys' fees and costs;

g.　　Injunctive relief; and

h.　　For any other relief this Court deems just and equitable.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT—RETALIATION**

67.　　Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

68.　　Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disability/handicap under the Florida Civil Rights Act.

69.　　Plaintiff suffered adverse employment actions for engaging in protected activity under the Florida Civil Rights Act.  Specifically, Plaintiff requested a reasonable accommodation for his disability under the Florida Civil Rights Act and was disciplined and ultimately terminated from his employment with Defendant.

70.　　The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, *Florida Statutes*.

71.     Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

72.     Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

73.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

74.     Plaintiff, JUSTIN LOTT, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

75.     This is an action for damages pursuant to Florida's Private Whistleblower's Act. F.S. § 448.101 *et seq*.

76.     The retaliatory actions described above were conducted by Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC, through its agents or employees, in part or in total, because Plaintiff objected to or refused to participate in the activities, policies, or practices of Defendant which were violations of laws, rules or regulations or that Plaintiff had a good-faith reasonable belief were violations of laws, rules or regulations. Specifically, Plaintiff complained of and/or objected to various health code violations, including but not limited to: Chapter 381.0072, *Florida Statutes*, Chapter 64E-11, *Florida Administrative Code*, and Section 66, Pinellas County Code.

77.     As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including: lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation.  These losses are permanent or intermittent and will continue into the future.

78.     As a result of Defendant's, PURPLE SQUARE MANAGEMENT COMPANY, LLC, unlawful acts against Plaintiff, JUSTIN LOTT, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiff, JUSTIN LOTT, demands judgment against Defendant, PURPLE SQUARE MANAGEMENT COMPANY, LLC and prays for the following relief:

a.     Injunction to restrain continued violations of the Act;
b.     Reinstatement to the same or an equivalent position;
c.     Reinstatement of fringe benefits and seniority rights;
d.     Lost wages;
e.     Lost benefits;

     f.      Other remuneration;

     g.      Attorneys fees and costs; and

       any other compensatory damages allowable at law.

## DEMAND FOR JURY TRIAL

79.    Plaintiff, JUSTIN LOTT, demand a trial by jury on all issues so triable.

**DATED** this 14th day of November, 2016.


         **BOUZAS OWENS, P.A.**


         */s/ Gregory A. Owens*_____
         **GREGORY A. OWENS, ESQUIRE**
         Florida Bar No.: 51366
         greg@bouzasowens.com
         **MIGUEL BOUZAS, ESQUIRE**
         Florida Bar No.: 48943
         miguel@bouzasowens.com
         2154 Duck Slough Blvd.
         Suite 101
         Trinity, Florida 34655
         (727) 254-5255
         (727) 483-7942 (fax)
         *Trial Attorneys for Plaintiff*