## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

PURPLE SQUARE MANAGEMENT COMPANY, LLC including all of their officers, directors, representatives, shareholders, members, owners, principals, agents, servants, Plaintiffs, subsidiaries, successors and assigns, SANJAY PATEL, including his heirs, representatives, attorneys, successors, and assigns (herein collectively referred to as "Defendants") and JUSTIN LOTT, including his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

### RECITALS

WHEREAS, Defendant Purple Square Management Company, LLC ("Purple Square") employed Plaintiff on an at-will basis;

WHEREAS, Purple Square terminated Plaintiff's employment in December 2015;

WHEREAS, Plaintiff filed a Complaint styled *JUSTIN LOTT v. PURPLE SQUARE MANAGEMENT COMPANY, LLC and SANJAY PATEL*, Case No. 16-cv-03167-VCM-AEP, pending before the U.S. District Court for the Middle District of Florida (hereinafter the "Litigation") alleging claims under the Fair Labor Standards Act, the Americans with Disabilities Act, the Florida Civil Rights Act, and Florida's private Whistleblower Act;

WHEREAS, Defendants specifically deny any wrongdoing or liability to Plaintiff;

WHEREAS, Plaintiff and Defendants, to avoid the expense, inconvenience, and uncertainties of litigation, and without making any admissions of any kind, desire to settle fully and finally any and all differences between them regarding any and all claims, known and unknown, that Plaintiff has or may have against Defendants and including without implication of limitation, any and all claims that may have arisen during or in connection with Plaintiff's employment with Defendants and the Litigation;

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of any and all disputes between them:

1. **Recitals.** All of the foregoing recitals are true and correct and are incorporated herein by reference.

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff and Defendants as set forth herein, the Parties agree to settle this matter for a total of $15,000.00, which shall be paid as follows:

(a) $1,246.16, less applicable withholdings, to Justin Lott for wages on the FLSA claim.

(b) $1,246.16 to Justin Lott for liquidated damages on the FLSA claim.

(c) $5,507.68, less applicable withholdings, to Justin Lott for wages on the ADA, FCRA, and Florida Whistleblower Act claims.

(d) $1,000.00 as separate consideration for the confidentiality provision, general release, and similar provisions herein.

(e) $1,255.00 to "Bouzas Owens, P.A." for attorneys' fees and costs relating to the FLSA claim.

(f) $4,745.00 to "Bouzas Owens, P.A." for attorneys' fees and costs relating to the ADA, FCRA, and Florida Whistleblower Act claims.

Pursuant to the above, Defendant Purple Square shall make the above payments via three checks: one check payable to Bouzas Owens, P.A. for the total attorneys' fees and costs, one check payable to Justin Lott for wages, a second check payable to Justin Lott for the liquidated damages, and a third check for the separate consideration. All checks shall be delivered to Bouzas Owens, P.A., 2154 Duck Slough Blvd., Suite 101, Trinity, FL 34655 on or before the tenth (10th) day after approval of this Agreement by the Court.

3. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and Mutual General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under any of the following laws: Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act of 1967 (the "ADEA"); the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Plaintiff Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990 (the "ADA"); the Older Workers Benefit Protection Act; the Rehabilitation Act of 1973; the Immigration Reform and Control Act of 1986; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistleblower's Act of 1991; Florida Wage Discrimination Law; Florida Equal Pay Law; Florida Minimum Wage Law; Florida Civil Rights Act of 1992 ("FCRA"); and any and all other federal or state or local wage and hour laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof relating in any

way to Plaintiff's employment or separation from employment with Defendants, and including any amendments to said laws. This Release includes any and all claims which were, or could have been, asserted in the lawsuit of *JUSTIN LOTT v. PURPLE SQUARE MANAGEMENT COMPANY, LLC and SANJAY PATEL*, Case No. 16-cv-03167-VCM-AEP, pending before the U.S. District Court for the Middle District of Florida (hereinafter referred to as the "Litigation"). This release does not compromise, waive, or prejudice any claims for unemployment compensation benefits or any claims arising from work place injuries, including, but not limited to, claims for worker's compensation benefits or worker's compensation relief.

4. **Employment with Defendants.** As part of this Agreement, Plaintiff agrees not to re-apply for employment with the Defendants, or any of its parent, subsidiary, or affiliated companies. Plaintiff agrees that this agreement not to seek future employment is purely contractual and is in no way involuntary, discriminatory or retaliatory.

5. **Taxes.** Plaintiff agrees to pay any and all taxes (other than Purple Square's share of payroll taxes) found to be owed as a result of the consideration paid to him or on his behalf as described in paragraph 2 of this Agreement and to indemnify and hold Defendants harmless from any tax or withholding liabilities as a result thereof. Plaintiff understands and agrees that any necessary tax documentation, such as Form W-2s and Form 1099s, may be filed by Defendants with regard to the consideration provided under this Agreement. The parties acknowledge that nothing herein shall constitute tax advice to either party.

6. **Representation and Warranty.** Excepting only the Litigation and the underlying charge filed with the Equal Employment Opportunity Commission referenced therein, Plaintiff represents and warrants that he has never commenced or filed, any action, charge, complaint or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by Defendants, which may have occurred or failed to occur before his execution of this Agreement. Plaintiff further represents and warrants that there are bona fide disputes between him and the Defendants as to whether he is entitled to receive the alleged compensation amount or any part thereof.

7. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exceptions set forth below and as necessary in submitting this agreement to the Court for review:

The parties agree not to disclose at any time in the future any of the terms of this Agreement, except: (i) as may be required by law or governmental authorities; (ii) to Plaintiff's spouse, attorney and/or tax and financial advisors, provided that the individual first agrees to keep this information confidential; (iii) to the Defendants' respective officers, directors, members, attorneys, lenders and/or tax and financial advisors, and spouses provided that the Person first agrees to keep this information confidential; (iv) with respect to Purple Square, as may be required by any agreement to which such Purple Square (or its parent, subsidiaries or affiliate companies), is a party or (v) with respect to Defendants and their respective officers, directors, members, attorneys and/or tax and financial advisors, in connection with any due diligence investigation by a party to any potential investment, loan to or sale involving Purple Square (or any of its parents, subsidiaries, or affiliate companies), provided that such Person has

agreed to maintain the terms and conditions of this Agreement in confidence and to other reasonable confidentiality terms. The parties acknowledge and agree that any other disclosure regarding the terms of this Agreement, except to the Court as necessary for approval of this Agreement, would constitute a material breach of the Agreement. The parties agree that the Agreement will be available in the public court record, but agree not to inform or advise third parties of the case number, the existence of the lawsuit, the existence of the Agreement, or any facts relating to the foregoing. If Plaintiff is compelled by legal subpoena or court order to provide information covered by this paragraph, prior to such disclosure, Plaintiff will immediately provide a copy of such judicial order or subpoena, by hand delivery and/or E-mail, to: Paul O. Lopez, Esq., Tripp Scott, P.A., 110 SE 6th Street, 15th Floor, Fort Lauderdale, Florida 33301, Tel: 954-525-7500, Email: pol@trippscott.com. If Defendants are compelled by legal subpoena or court order to provide information covered by this paragraph, prior to such disclosure, they will immediately provide a copy of such judicial order or subpoena, by hand delivery and/or E-mail, to: Greg A. Owens, Esq., Bouzas Owens, P.A., 2154 Duck Slough Blvd., Suite 101, Trinity, Florida 34655, Tel: 727-254-5255, Email: greg@bouzasowens.com. The parties agree to provide one another with a reasonable opportunity to intervene to assert what rights the other may have to non-disclosure, prior to any response to the order or subpoena.

8. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, ADA, FCRA, or Florida's private Whistleblower Act, and expressly deny any and all such liability. Specifically, this settlement is the compromise of a disputed claim and does not constitute an admission by the Defendants of any violation of any federal, state or local statute or regulation, or any violation of any of Plaintiff's rights or of any alleged duty owed by the Defendants to the Plaintiff.

9. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Middle District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida. THE PARTIES FURTHER AGREE THAT ANY DISPUTE ARISING UNDER THIS AGREEMENT OR RELATING HERETO SHALL BE HEARD BY A JUDGE AND NOT A JURY, AND THE PARTIES ACCORDINGLY HEREBY WAIVE ANY RIGHT TO A JURY TRIAL.

10. **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiff's counsel of a fully executed copy of this Agreement and the settlement funds, Plaintiff's Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed order.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or

inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** Each Party hereto shall bear its, his or her own attorneys' fees and costs, including, without limitation, any attorneys' fees and costs in connection with the Litigation, subject to the provisions herein. If any legal action or other proceedings are brought in connection with, arising out of, or relating to this Agreement, because of any alleged dispute, breach, default, misrepresentation, or any other claim in connection with any provision of this Agreement the prevailing Party shall be entitled to recover reasonable attorneys' fees, court costs, and all expenses, including nontaxable court costs (including without limitation, all such fees, costs and expenses incident to any arbitration, bankruptcy, appellate, and post-judgment proceedings), incurred in that action or proceeding or at any level of appeal, in addition to any other relief to which the Party may be entitled.

14. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **No Reliance.** Plaintiff represents and acknowledges that in executing this Agreement, he/she did not rely and has not relied upon any representation or statement made by Defendants including any of its agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement, other than the promises and representations made in this Agreement.

16. **Successors and Assigns.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

17. **Interpretation.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this Agreement.

18. **Modification of Agreement.** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

19. **Selective Enforcement.** The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

20. **Time to Consider Signing Agreement.** Plaintiff represents that he is not forty (40) years of age or older and is thus not subject to the Older Workers' Benefit Protection Act. In the event Plaintiff is forty (40) years of age or older, pursuant to the Older Workers' Benefit Protection Act, Plaintiff is hereby advised of and acknowledges the following, as well as paragraph 21. Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney before signing this Agreement and that Plaintiff has in fact done so. Plaintiff acknowledges that he has been given a reasonable period of time of not less than twenty-one (21) calendar days within which to decide whether to sign this Agreement. Plaintiff understands and agrees that he can use all or any part of this period, and may sign this Agreement prior to the conclusion of the twenty-one (21) day period. By signing this agreement, Plaintiff is waiving any and all claims he might have against Defendants under the Age Discrimination in Employment Act.

21. **Seven-Day Period to Revoke:** This Agreement shall not become effective until seven (7) calendar days after its execution and delivery to Defendants' legal counsel by Plaintiff. Plaintiff understands that he can revoke this Agreement within seven (7) calendar days after he signs it. Any revocation within that period must be in writing and must be hand delivered to Defendants' counsel, Paul O. Lopez, Esq., Tripp Scott, P.A., 110 SE 6th Street, 15th Floor, Fort Lauderdale, Florida 33301. The revocation must state that "I hereby revoke the Agreement." If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday. In the event that Plaintiff revokes this Agreement, the promises made herein by Defendants shall be deemed null and void and Defendants shall not be obligated to provide Defendant with the consideration promised in paragraph 2.

22. **No Transfer of Claims:** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claim released by him in this Agreement. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, paralegals' fees and costs, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that prohibits Plaintiff from entering into this Agreement.

23. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK –**

**SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

Plaintiff represents and warrants that Plaintiff has read this Agreement in its entirety, has been offered a period of twenty-one (21) days to review this Agreement and incorporated release, and has been advised in writing herein to consult with counsel. Plaintiff further represents and warrants that Plaintiff fully understands and voluntarily assents to all of the terms of this Agreement.

JUSTIN LOTT

By: _____
   JUSTIN LOTT

Date: 3-21-17

PURPLE SQUARE MANAGEMENT COMPANY, LLC

By: _____

Printed Name: VIKAY PATEL

Title: MANAGER
   of Angel 469, LLC, the manager of Purple Square Management Company, LLC

Date: 3/21/17

SANJAY PATEL

By: _____
   SANJAY PATEL

Date: 3/21/2017