```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JUSTIN LOTT,

      Plaintiff,

v.                                Case No. 8:16-cv-3167-T-33AEP

PURPLE SQUARE MANAGEMENT
COMPANY, LLC, and SANJAY
PATEL,

      Defendants.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice (Doc. # 28), filed on March 21, 2017. The Court grants the Motion.

**I.    Background**

Plaintiff Justin Lott filed this action against his former employer on November 14, 2016, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), as well as violations of the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA), and Florida's Private Whistleblower Act. (Doc. # 1). On January 5, 2017, the Court issued its Case Management and Scheduling Order, which set a mediation deadline of July 17,

2017. (Doc. # 16). Defendants Purple Square Management Company and Sanjay Patel filed their Answer on January 13, 2017. (Doc. # 23).

On March 14, 2017, the parties filed a Notice of Settlement, indicating that they had settled all of Lott's claims before mediation. (Doc. # 26). At the Court's direction, the parties seek approval of the settlement and have filed a copy of the settlement agreement. (Doc. ## 27-28).

## II. Analysis

Among his other claims, Lott alleges that Purple Square and Patel violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Lott will receive $1,246.16 for unpaid wages and $1,246.16 in liquidated damages for the FLSA claim. (Doc. # 28 at 3). Lott will receive $5,507.68 for his ADA, FCRA, and whistleblower claims, as well as an additional $1,000 "as separate consideration for the confidentiality provision, general release, and similar provisions therein." (Id.). It has also been agreed that Lott's counsel will receive

$1,255.00 in attorney's fees and costs for the FLSA claim, and $4,745.00 in attorney's fees and costs for the ADA, FCRA, and whistleblower claims. (Id. at 3-4).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Lott for alleged FLSA violations. (Id. at 4). Although Defendants continue to dispute Lott's entitlement to overtime pay, as well as his other claims, the parties have entered a settlement to "avoid[] the expense and uncertainty of continued litigation." (Id.).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without

3

fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice (Doc. # 28) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

4